**Ryan Damion COULBOURNE, aka Ryan Coulbourne, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

No. 11–240–ag.

United States Court of Appeals, Second Circuit.

Dec. 19, 2011.

**816**

Nancy E. Martin, Collins & Martin, P.C., Wethersfield, CT, for Petitioner.

Tony West, Assistant Attorney General; Allen W. Hausman, Senior Litigation Counsel; Christina Bechak Parascandola, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington D.C., for Respondent.

PRESENT: PETER W. HALL, GERARD E. LYNCH and DENNY CHIN, Circuit Judges.

## SUMMARY ORDER

Petitioner Ryan Damion Coulbourne, a native and citizen of Jamaica, seeks review of a January 18, 2011, order of the BIA dismissing his claim of derivative United States citizenship. *In re Ryan Damion Coulbourne,* No. A041 457 839 (B.I.A. Jan. 18, 2011). The BIA issued its decision and order on remand from this Court, which granted Coulbourne's previous petition for review. *See Coulbourne v. Holder,* 372 Fed.Appx. 156 (2d Cir.2010) (unpublished summary order).

Coulbourne argues that the BIA erred by concluding first that it does not have the power to grant derivative citizenship *nunc pro tunc* and second, that even if it had such authority, *nunc pro tunc* relief was unwarranted because he could not demonstrate that the government had engaged in affirmative misconduct. Finally, he contends that independent of the agency, this Court has the authority to grant derivative citizenship *nunc pro tunc.* We need not decide here whether we or the BIA have the equitable authority to grant such relief because, like the BIA, we conclude that Coulbourne has not presented evidence that the agency's delay in pro-

cessing his father's naturalization application amounts to legal error. Accordingly, the BIA did not err in concluding that this would not be an appropriate case for the exercise of any such authority. *See generally INS v. Miranda,* 459 U.S. 14, 19, 103 S.Ct. 281, 74 L.Ed.2d 12 (1982) (per curiam); *Iouri v. Ashcroft,* 464 F.3d 172, 181–82 (2d Cir.2006); *Edwards v. INS,* 393 F.3d 299, 308–10 (2d Cir.2004). The petition for review is therefore DENIED.